### FREHER v. GEESEKA.

Where it appeared from the transcript of a record, that "the court charged as on file, to which plaintiff excepted, and asked the court to instruct as in paper on file, which was refused, and plaintiff again excepted; and where the transcript contained what purported to be instructions, but they were not signed by any one, nor otherwise identified; *Held,* That this mode of referring to papers and instructions, was insufficient.

Upon a petition declaring alone upon a special contract, the plaintiff cannot recover the reasonable value of his work and labor, less the damages sustained by the defendant, for a violation of the contract.

Where a record is silent, and a state of facts can be supposed, under which the action of the district court would be correct, the appellate court will adopt that view of the case which is consistent with the correctness of the ruling made.

*Appeal from the Lee District Court.*

TUESDAY, JANUARY 19, 1858.

This action was commenced before a justice of the peace, and by the defendant appealed to the district court. In that court judgment was rendered for defendant, and plaintiff now appeals. The other facts of the case, will appear from the opinion.

*F. Semple*, for the appellant, cited *Crookshank* v. *Mallory*, 2 G. Greene, 257; *Eyser* v. *Weissgerber*, 2 Iowa, 463; *Liggett* v. *Smith*, 3 Watts, 361; Code, 235.

*John M. Beck*, for the appellee.

This court, in *Eyser* v. *Weissgerber*, 2 Iowa, 463, has held, that where a party declares upon a special contract, he must succeed upon it, and cannot recover upon the common counts. The law was never different from that held by this court, as above cited, and I apprehend this court will not change it in this case. The only case, which I have been able to find, sustaining the right of the servant to recover on the *quantum meruit*, after having abandoned and violated his contract, by leaving his employer before his time expired, is in the celebrated case of *Britton* v. *Turner*, 6 N. Hamp. 497. There is no other case that sustains the doctrine.

The rule in England, as we learn from the elementary books, has never been doubted, that the servant, who is hired for a fixed term for a fixed compensation, cannot recover for the time he serves, if he leave before the expira-

tion of his time, without fault of his master. The same doctrine is held in the following cases: *McMillan* v. *Vanderlip*, 12 John., 165 : *Raymond* v. *Barnard*, 12 Ib., 274; *Jennings* v. *Camp*, 13 Ib., 94; *Ketchum* v. *Everton*, 13 Ib., 365; *Thorpe* v. *White*, 13 Ib., 53; *Clark* v. *Smith*, 14 Ib., 326; *Oakly* v. *Morton*, 1 Kernan, 33; *Smith* v. *Brown*, 17 Hill, 431; *McKnight* v. *Dunlap*, 4 Barb., 34; *Gregory* v. *Marsh*, 3 Hill, 384; *Monell* v. *Burns*, 4 Denio, 121; *Champlin* v. *Rowley*, 18 Wend., 514; *Marsh* v. *Rulison*, 1 Wend., 514; *Miller* v. *Goddard*, 34 Maine, 102; *Weeks* v. *Leighton*, 5 New Hamp., 343; *St. Albans Steamboat Co.* v. *Wilkins*, 8 Vermont, 54; *Winn* v. *Southgate*, 17 Vermont, 355; *Sutton* v. *Tyrrell*, 12 Ib., 79; *Ripley* v. *Chipman*, 13 Ib., 268; *Faxan* v. *Mansfield*, 2 Mass., 147; *Olmstead* v. *Beal*, 19 Pick., 528; *Boyce* v. *Agawam Canal Co.* 22 Pick., 381; *Davis* v. *Moxwell*, 12 Metcalf, 386; *Rice* v. *Dwight Manufacturing Co.*, 2 Cushing, 80; *Gwin* v. *Danley*, 4 Alabama, 336; *Nisbet* v. *Drew*, 17 Alabama, 379; *Martin* v. *Reed*, 2 Smeeds & Mar. 585; *Withrow* v. *Withrow*, 16 Ohio, 238; *Hawks* v. *Griffin*, 14 B. Monroe, 153; *Helm* v. *Wilson*, 4 Missouri, 41; *DeCamp* v. *Stevens*, 4 Blackford, 24; *Eldridge* v. *Rowe*, 2 Gilman, 91; *Stark* v. *Parker*, 2 Pickering, 267; *Reab* v. *Moor*, 19 Johns, 337; *Lantrey* v. *Parks*, 8 Cowen, 63; *Sickles* v. *Pattison*, 14 Wendell, 257; *Thayer* v. *Wadsworth*, 19 Pikeg., 349; *Hunt* v. *Otis Manufacturing Co.*, 4 Metcalf, 465; *Hawkins* v. *Gilbert*, 19 Alabama, 54; *Coe* v. *Smith*, 1 Carter, 267; *Swift* v. *Williams*, 2 Ib., 365; *Philbrook* v. *Belknap*, Ver , 383; *Hare* v. *Bell*, 6 Vermont, 35; *Chandler* v. *Thurston*, 10 Pick., 103; *Byrd* v. *Boyd*, 4 McCord, 246; *Shaw* v. *Turnpike Co.*, 2 Penn., 454; *McClure* v. *Piatt*, 4 McCord, 26; *Rounds* v. *Baxter*, 4 Greenl.,54; *McCoy* v. *Huffman*, 8 Cowen, 184; *Martin* v. *Schoenberger*, 8 Watts & Serg., 367; *Brown* v. *Kimball*, 12 Vermont, 617; *Badgley v. Heald*, 4 Gilman, 64; *Morford* v. *Mastin*, 6 Monroe, 609. In addition to these fifty-three authorities, which are but a portion of the number upon this rule, from fourteen states, (authorities than which none are of more weight), all the

elementary writers lay down the rule as I have stated it. Until *Britton* v. *Turner*, a different rule seems never to have been thought of. The correctness of the rule in that case, cannot be acknowledged.

WRIGHT, C. J.—This judgment must be affirmed. Two considerations sufficiently justify this conclusion. The plaintiff complains of certain instructions which he alleges were given, and also of the refusal of the court to give certain ones asked by him. The bill of exceptions states, that plaintiff introduced a witness and proved certain facts, (which are set out), and that "the court charged as on file, to which the plaintiff excepted, and asked the court to instruct as in paper on file, which was refused, and plaintiff again excepted." Beyond this, there is nothing to identify the instructions given and refused. We find in another part of the record, what purports to be instructions, but they are signed by no person, nor is there anything to show that these are the instructions referred to in the bill of exceptions. It has been too frequently settled, that this method of refering to papers and instructions, is insufficient, to now admit of doubt. *Herring* v. *The State*, 1 Iowa, 205; *Ewing* v. *Scott et al*, 2 Iowa, 447, and the cases there cited.

But as counsel for appellee does not insist upon this objection, we deem it proper to state one other ground, upon which we are equally well satisfied in affirming the judgment below. It seems that plaintiff is seeking to recover for certain work and labor performed by him, for the defendant. It is insisted that if he did work for defendant which was of some value to him, he is entitled to recover such value, though the work was done under a special contract, deducting from such value, all damages sustained by defendant, on account of the violation of the undertaking of plaintiff. To this, it may be answered, that the transcript of the justice, contains nothing from which we can learn the nature of the plaintiff's action. Whether he sued upon a special contract, or to recover what his services were reasonably worth, no where appears.

If he relied upon the special contract, then the instruction given by the court was correct, and the one asked, properly refused; for it is well settled, that upon a petition, declaring alone upon a special contract, the plaintiff cannot recover the reasonable value of his work and labor, less the damages sustained by defendant for the violation of the contract. *Eyser* v. *Weissgerber*, 2 Iowa, 463.

Whether the position of plaintiff would be correct, if it appeared that he sought to recover the reasonable value of his services, we are not called upon to determine. We will not presume a state of facts upon which to find error. But, on the contrary, where the record is silent, and a state of case can be supposed, under which the action of the district court would be correct, we will adopt that conclusion which is consistent with the correctness of the ruling made. *Mays* v. *Deaver*, 1 Iowa, 216; *Brewington* v. *Patton & Swan*, Ib., 121; *Conrad & Co.* v. *Baldwin*, 3 Iowa, 207.

Judgment affirmed.