VERRAZANO SIMPSON vs. G. H. KRUMDICK.

October 12, 1881.

**Charge—Error corrected by Subsequent Instructions.**—If, in a charge to a jury, a general proposition stated to them is incorrect, but in the specific instructions, as applied to the facts of the case, the correct rule is stated, so that this court can see that the jury could not have been misled by the erroneous statement, such erroneous statement will be disregarded.

**Same—Request assuming Existence of disputed Facts.**—Requests for instructions to the jury *held* to have been properly refused, where they assumed the existence of disputed facts.

Appeal by defendant from an order of the district court for Winona county, *Mitchell*, J., presiding, refusing a new trial. The case is stated in the opinion.

*Lloyd Barber*, for appellant.

The court erred in charging the jury that an acceptance, to take a contract out of the statute of frauds, need not be an acceptance of the property as being satisfactory in quantity or quality and such as to preclude the buyer from questioning them. Blackburn on Sales, 23; Benjamin on Sales, 111; 3 Parsons on Contracts, 45; *Shindler* v. *Houston*, 1 N. Y. 261; *Stone* v. *Browning*, 51 N. Y. 211; *Reed* v. *Randall*, 29 N. Y. 358; *Dutchess Company* v. *Harding*, 49 N. Y. 321; *Smith* v. *Surman*, 9 Barn. & Cress. 561; *Haase* v. *Nonnemacher*, 21 Minn. 486; *Goodhue* v. *Butman*, 8 Me. 116; *Sprague* v. *Blake*, 20 Wend. 61; *Lawton* v. *Keil*, 61 Barb. 558; *Fitch* v. *Carpenter*, 43 Barb. 40; *Dana* v. *Boyd*, 2 J. J. Marsh. (Ky.) 587; *McCormick* v. *Sarson*, 45 N. Y. 265; *Gaylord Manufacturing Co.* v. *Allen*, 53 N. Y.

515. The refusal to charge that "the defendant could receive the wheat to see whether he would accept it or not; and if he then refused to accept it, the jury must find a verdict for the defendant," was error. Browne on Statute of Frauds, §§ 327, 330; *Hunt* v. *Hecht,* 8 Exch. 814; *Bacon* v. *Eccles,* 43 Wis. 227; *Knight* v. *Mann,* 118 Mass. 143; *Stone* v. *Browning,* 68 N. Y. 598. The sale was for cash, and a delivery without payment does not pass the title. The seller did not waive payment upon delivery. *Hanson* v. *Meyer,* 6 East, 614; *Ward* v. *Shaw,* 7 Wend. 404; *Acker* v. *Campbell,* 23 Wend. 372; *Leven* v. *Smith,* 1 Denio, 571; *Hill* v. *Freeman,* 3 Cush. 257; *Tyler* v. *Freeman,* Id. 261; *Coggill* v. *Hartford & N. H. R. Co.,* 3 Gray, 545; *Whitney* v. *Eaton,* 15 Gray, 225; *Congar* v. *Galena & Chicago R. Co.,* 17 Wis. 477; *Wabash Elevator Co.* v. *First Nat. Bank,* 23 Ohio St. 311; *Hodgson* v. *Barrett,* 33 Ohio St. 63; *Curtis* v. *Pugh,* 10 Q. B. 111; *Powell* v. *Bradlee,* 9 Gill & John. 220; *Phillips* v. *Hunnewell,* 4 Me. 376; *Riley* v. *Wheeler,* 42 Vt. 528; *Bacon* v. *Eccles,* 43 Wis. 227.

*Wilson & Gale,* for respondent, cited the following cases, to the effect that an acceptance, within the statute of frauds, need not be such an acceptance as precludes the buyer from questioning quantity or quality. *Remick* v. *Sandford,* 120 Mass. 309; *Tompkinson* v. *Staight,* 17 C. B. 697; *Morton* v. *Tibbett,* 15 Q. B. 428; *Smith* v. *Stoller,* 26 Wis. 671; 1 Chitty on Contracts, (11th Am. Ed.,) 562; 3 Parsons on Contracts, 46, 47.

GILFILLAN, C. J.* Action to recover the price of about 1,100 bushels of wheat, at $1.04 per bushel, which plaintiff claimed to have sold to defendant. The agreement for the sale was oral, no part of the purchase-money was paid, and the principal question on the trial was whether there was a sufficient acceptance and receipt by defendant of the wheat, or any part thereof, to make the agreement valid under the statute of frauds. The wheat lay in three piles in the plaintiff's warehouse. The agreement was made at that place, and after some examination by defendant. The evidence of the plaintiff indicated that defendant was satisfied with the examination, and agreed

*Mitchell, J., having presided at the trial in the district court, took no part in this decision.

to take the wheat as it was. The evidence of the defendant indicated that there was to be 3,400 bushels in all, and the largest pile throughout was to be of the same quality as it appeared on top. Defendant was to clean, sack, and weigh the wheat in the warehouse. Plaintiff testified he agreed to accept the defendant's weight, and defendant testified that plaintiff was to send a man to see it weighed. Nothing was said as to when the wheat was to be paid for, nor when defendant was to remove it from the warehouse, nor whether it was to be paid for or taken away first; but it appears to have been understood that defendant was to take it from the warehouse. Plaintiff delivered to defendant the key of the warehouse, and the latter went with his servants, his fanning-mill and sacks to the warehouse, and began to clean the wheat in the largest pile, and to put it in the sacks, and continued until he had cleaned and sacked from 10 to 15 bushels, when, as he says, he found the wheat in the pile did not correspond in quality with that on top. He thereupon stopped cleaning, and soon after notified plaintiff that he would not take the wheat.

In regard to the acceptance required by the statute of frauds, the court instructed the jury that "acceptance, within the meaning of the statute, does not mean such an acceptance of the property as being satisfactory as to quantity and quality as to preclude the buyer from afterwards questioning it. That is not the acceptance meant by the statute. There may have been an acceptance, within the meaning of this statute, that would not be an acceptance of the property as satisfactory in quantity or quality, so as to preclude the buyer from afterwards questioning them." It may be doubted that this general proposition is correct. It is laid down in some cases, notably in *Morton* v. *Tibbett*, 15 Q. B. 428. But it is claimed the correct statement of the law is that where receipt and acceptance of part of the goods is relied on to make the contract valid, the acceptance of such part must be the ultimate acceptance of that part as a part-performance of the contract for sale, leaving no right in the buyer to subsequently reject the part so accepted, or to claim that it is not in accordance with the agreement, though he may not, by such acceptance, be precluded from questioning the quality or quantity of the residue. If this view be right, the court below was inaccurate in its

statement of the rule. But the only way in which such inaccuracy could prejudice the defendant was by creating on the minds of the jury the impression that defendant's receipt of the wheat, for the purpose only of cleaning and examining it to ascertain if it was in accordance with representations made by plaintiff, might be an acceptance within the intent of the statute.

The other portions of the charge, stating more specifically the effect of the acts of the parties upon the contract in question, and the kind of acceptance required, sufficiently guard against this. The charge is explicit, and the proposition is several times repeated, that acceptance is to be shown by acts and dealings of defendant with the wheat, indicating that he took possession of it as owner. The distinction between a mere receipt of the wheat, and an acceptance of it, to give life to the contract, is clearly made to appear in an instruction given at the request of the defendant: "If the jury believe from the evidence that the plaintiff represented and warranted to the defendant that the large pile of wheat was all alike, and that it was not all alike, and did not comply with the warranty, the defendant was not bound to accept the wheat, even though he had received it; and if defendant did not accept the wheat, then you must find a verdict for the defendant." Nothwithstanding, therefore, that the court may have been inaccurate in stating a general proposition, the correct rule applicable to the case appears to have been given to the jury in such terms that they could not have misunderstood it.

The court refused to charge the jury, at defendant's request, that "the defendant could receive the wheat to see whether he would accept it or not; and, if he then refused to accept it, you must find a verdict for the defendant." This request assumes that there was no acceptance prior to or contemporaneous with the receipt of the wheat, which the court had no right under the evidence to assume. There may be a receipt without any acceptance, and an acceptance without any receipt. Blackburn on Sales, 22. Of the former, a familiar instance is a sale by sample, in which case the buyer may receive the goods to ascertain, before he accepts, that they agree with the samples. An instance of acceptance without receipt is where the sale is of a specific lot of goods, where the bargain itself identifies the

goods as those sold, and as of the quality which the buyer agrees to buy. *Cusack* v. *Robinson*, 1 Best & Smith, 299; *Cross* v. *O'Donnell*, 44 N. Y. 661. In such case the buyer accepts when the bargain is made, though he may not receive the goods at that time. If, in this case, the testimony of the defendant was true, he had a right to receive and examine the wheat before acceptance, and ascertain if it was as represented by plaintiff. If, on the other hand, the testimony of plaintiff was true, the jury might find that there was an acceptance at the time the bargain was made. The request calls on the court to determine which testimony was true, and it was therefore bad.

Another request of defendant refused by the court was: "Delivery of the wheat, in expectation of payment as soon as the same was cleaned and weighed, vested no title in the defendant until the price should be paid." The court did charge that "where nothing is said or done indicating a different intention, a sale is presumed to be for cash, and, when for cash, payment is to precede, or be contemporaneous with, the delivery of the goods to the buyer; and, until payment is made, the title and control are still with the seller. This lien on the part of the seller for the purchase-money may be abandoned, and is abandoned by absolute delivery of the property by the seller to the buyer." Also: "If you believe that he (Simpson) abandoned his lien by giving absolute control to Krumdick, so that Krumdick had the right to take it away and dispose of it as he pleased without first paying for it, why then you may find that there was an acceptance of the property, within the meaning of the statute, by Krumdick, by his subsequent exercise of acts of ownership. But if you believe that Simpson did not surrender absolute control and right of disposition of the property so as to abandon his lien for the purchase-money, but simply gave Krumdick the right of cleaning and weighing preparatory to a delivery of it upon the payment of the purchase-money, then there never was in law a consummated sale of the wheat by Simpson, and a purchase by Krumdick." The request was erroneous, for Simpson may have made delivery of the wheat for the purpose of passing the title, although it was to be paid for as soon as cleaned and weighed, and before removal from the warehouse. The charge properly laid it down that the effect of the delivery de-

pended on the intent with which it was made; that if made with intent that Krumdick should have absolute control over and right to dispose of it, then he might accept it, and so make the contract valid; but that he could not do so if he had only the right to clean and weigh it preparatory to a delivery for the purpose of passing the title, upon payment of the purchase-money.

Order affirmed.