SIMMONS HARDWARE COMPANY *vs.* AARON J. MULLEN.

February 6, 1885.

Statute of Frauds—Sale—Delivery to Carrier.—A delivery by the seller to a carrier selected by him, for transportation to the purchaser, of goods sold under an agreement void by the statute of frauds, is not such a delivery and acceptance as will take the agreement out of the operation of the statute.

Action in the district court for Chippewa county for conversion of personal property. The defendant justifies the taking, as sheriff, under a writ of attachment against one Whitcher. The action was tried, without a jury, by *Brown,* J., who found as facts that Whitcher ordered the goods in question from plaintiff verbally; that they were worth $291.15; that plaintiff shipped them to Whitcher at Granite Falls, in this state, where they arrived and were stored in the warehouse of the railway company which transported them; that Whitcher never called for them, or demanded or in any manner claimed them; that Whitcher, about this time, sold out and left this state, and that the defendant levied upon the goods as the property of Whitcher. Upon these facts judgment was ordered and entered for plaintiff, from which defendant appeals.

*Shannon & McLarty,* for appellant.

*T. F. Knappen,* for respondent.

GILFILLAN, C. J. The agreement for the sale of the goods by plaintiff to Whitcher, the price exceeding $50, and there being no memorandum in writing, and no part of the purchase-money being paid, was void under the statute of frauds, unless there was not only a delivery by the vendor, but an acceptance on the part of the purchaser. The authorities are substantially uniform that delivery by the seller

to a carrier selected by him, for the purpose of transportation, is not of itself an acceptance to take the case out of the operation of the statute. *Norman* v. *Phillips*, 14 M. & W. 277; *Hanson* v. *Armitage*, 5 Barn. & Ald. 557; *Maxwell* v. *Brown*, 39 Me. 98; *Johnson* v. *Cuttle*, 105 Mass. 447; *Grimes* v. *Van Vechten*, 20 Mich. 410; *Allard* v. *Greasert*, 61 N. Y. 1; *Keiwert* v. *Meyer*, 62 Ind. 587; *Taylor* v. *Mueller*, 30 Minn. 343.

The plaintiff in this instance selected the carrier. It is unnecessary, therefore, to consider what would have been the effect, in respect to taking the case out of the statute, of delivery to a carrier designated by the purchaser. Whitcher not having done any act of acceptance, the goods still belonged to the plaintiff, and could not have been levied on as Whitcher's.

Judgment affirmed.