HENRY F. TATGE *vs.* OTTO TATGE and another.

November 21, 1885.

On reargument December 24, 1885.

**Real Property—Declaration of Trust—Requisites.**—To constitute a sufficient declaration of a trust in real estate, the deed or instrument must disclose facts creating a fiduciary relation between the parties, and the terms of the trust.

**Same—Declaration by Married Woman Alone.**—The creation or d :laration of a trust in lands is a conveyance of an interest in them. Hence, under Gen. St. 1878, c. 69, § 2, a married woman cannot create or declare such a trust unless her husband join in the deed.

**Equity—Fraud—Refusal to Perform Verbal Agreement.**—The mere refusal to perform a verbal agreement, void under the statute because not in writing, is not fraud for which a court will declare and enforce a constructive trust.

Appeal by plaintiff from an order of the district court for Rice county, *Buckham,* J., presiding, refusing a new trial.

*Baxter, Townley & Gale,* for appellant.

*Geo. W. Batchelder,* for respondents.

MITCHELL, J.   The material facts, as disclosed by the evidence, and substantially as found by the court, are these.   Plaintiff is the son of the two defendants, who are husband and wife.   In 1881 the defendants, partly by way of advancement to plaintiff, and partly in consideration of an agreement by him for their support and maintenance, conveyed to him the premises in controversy.   In 1882 the plaintiff, ascertaining that a girl named Schultz, with whom he had been intimate, was pregnant, promised to marry her, but subsequently, on consultation with members of his family, having some doubts as to the paternity of the unborn child, determined to postpone the marriage, and, in certain contingencies, not to marry the girl at all. Plaintiff, fearing that he might be sued or prosecuted by the girl, and with intent to put the property beyond the reach of any judgments.

that might, in such event, be recovered against him, conveyed the premises to his mother, the defendant Engel Tatge, who took the conveyance with full knowledge of such intent. It was at the time verbally understood between plaintiff and his mother that the title of the premises should be held by her until the termination or settlement of plaintiff's difficulty with the girl, and until it became safe to reconvey, in which event the premises were to be reconveyed to plaintiff. No consideration for this conveyance was paid or agreed to be paid. The defendant Otto Tatge was not a party to this understanding, and took no part in the transaction. Subsequently, in 1883, plaintiff's difficulty with the girl having been settled, and the anticipated danger of litigation or prosecution having passed, defendant Engel Tetge (her husband, Otto, not joining therein) executed to plaintiff an instrument in the form of a deed of the premises.

The court finds as a fact that this was executed by her with the intention of performing on her part the previous verbal understanding to reconvey, but no such intent or purpose is expressed or declared in the instrument. Subsequently, and presumably because this deed from his mother, a married woman, was void, plaintiff demanded a deed from both defendants, which being refused, he brings this action to compel a conveyance, and for other relief.

Plaintiff claims a reconveyance on two grounds: (1) That there was an *express* trust in his favor; (2) that if no express trust is established, there is a *constructive* trust arising from fraud in obtaining the deed from him.

No valid express trust is made out. In the first place, there is no valid declaration of a trust under the statute of frauds, which requires it to be "by deed or conveyance in writing, subscribed by the parties creating * * * or declaring the same." Gen. St. 1878, c. 41, § 10.

That there was no valid declaration of a trust at the time of the conveyance by plaintiff to his mother is conceded. But it is insisted that the subsequent deed from his mother to plaintiff, although void as a conveyance of the title, is good as a declaration of a trust. To this contention there are two sufficient answers. The deed in ques-

v.34m—18

tion contains no declaration of trust. To constitute a sufficient declaration of a trust, the deed or instrument must disclose facts creating a fiduciary relation. It must be one in which such relation between the parties, and its terms, can be clearly read. And, further, even if it was in form sufficient, it would be void for the reason that a married woman cannot create or declare a trust in lands unless her husband join in the deed. "No conveyance or contract for the sale of real estate, or of any interest therein, by a married woman, other than mortgages on lands to secure the purchase-money of such lands, and leases for terms not exceeding three years, shall be valid unless her husband shall join with her in such conveyance." Gen. St. 1878, c. 69, § 2. The creation or declaration of a trust in lands is a conveyance of an interest in them. Hence the same reason which renders this deed void as a conveyance of the title would render it void as a declaration of a trust. See *Graham* v. *Long,* 65 Pa. St. 383.

There is nothing in the point that defendants, not having invoked the benefit of the statute of frauds in their answer, cannot have any advantage from it. A defendant may insist upon the benefit of the statute, under an answer simply denying the fact of the agreement which plaintiff alleges. This puts the plaintiff to the proof of the agreement by competent evidence. Browne, St. Frauds, §§ 510, 511.

Defendants further contend that the evidence shows the fact to be, as found by the court, that the conveyance was made with intent to defraud creditors, and that the law is that in such cases the court will not enforce a trust, even if created or declared in due form. The counsel for plaintiff, while seeming to concede this to be the rule of law, contends that the evidence does not support the finding of fact. While we are clear that the evidence supports the finding, yet, whether the law is that, where, as in this case, there is nothing immoral or illegal in the character of the transaction in itself considered, its only vice consisting of the private fraud against creditors existing in the intention with which it was made, the parties can be allowed to defeat the contract by alleging their own fraud, as Mrs. Tatge does in this case, is a question which we do not wish to decide, it being unnecessary to do so.

The plaintiff's second contention is that there is a constructive trust arising from fraud practised upon him in obtaining the conveyance from him. The court does not find any such fraud, and the evidence utterly fails to prove it. Plaintiff was a man of full age, and presumably of ordinary intelligence. It may be that the suggestion to defer his marriage and to put his property out of his hands may have first been made to him by some members of his family; but it is clear that he was quite ready and willing to do it. There is not a particle of evidence that any deception, concealment, or misrepresentation was practised upon him. He went into the matter with his eyes open, and fully understanding the legal consequences of his acts. The court finds that he was informed, at the time he executed the conveyance, of its legal effect, and that in case of a refusal by his mother to reconvey he would be without remedy, and that he executed the conveyance with knowledge of the fact. The only possible fraud upon him that can be suggested is the refusal to reconvey. But a mere refusal to perform a verbal agreement, void under the statute, is not fraud for which a court will declare and enforce a constructive trust. *Townsend* v. *Fenton*, 32 Minn. 482.

There is no ground whatever for the claim that, in case no trust in the land is established, plaintiff is entitled to recover the purchase price of the land, and be decreed a vendor's lien therefor. The court finds that there was no agreement to pay any sum, and that no sum was fixed as the purchase price; that the consideration named in the deed was inserted merely to give the transaction the appearance of fairness and good faith. This is abundantly supported by the evidence.

We have hardly considered it necessary to refer to the suggestion that the deed from plaintiff to his mother was never in fact delivered. Both parties went to Townley's office to have the deed executed, and plaintiff himself admits that, after it was signed and acknowledged, he left it there, intending that his mother should have it; that it was left there to be submitted to counsel to see that it was all right, and if so, to be placed on record, which was in fact done. This was a sufficient delivery, although the deed was never in the actual manual

possession of the grantee. *Stevens* v. *Hatch*, 6 Minn. 19, (64;) *Gaston* v. *Merriam*, 33 Minn. 271.

Order affirmed.

---

The following opinion was filed December 24, 1885, on appellant's motion for a reargument:

MITCHELL, J. Appellant moves for a reargument, upon the ground that the court has overlooked one of his points, viz., that the evidence conclusively shows that when Mrs. Tatge made the promise to reconvey *she did not intend to fulfil it*, and that this amounted to actual fraud, which constitutes her a trustee *ex maleficio*. Assuming his legal proposition to be sound, we do not think appellant is correct as to the effect of the evidence. It is true that Mrs. Tatge testified that she never promised to reconvey and never intended to do so. But, taking the entire evidence in the case as to how the transaction came about, and what was said and done, both at the time and subsequently, we think the court was fully justified in finding (as he in substance did) that it was the understanding and intention of both parties that in certain contingencies the land would be reconveyed; that at that time neither party anticipated any difference between them regarding the land; and that, as late as 1883, Mrs. Tatge, with the still continuing intention of carrying out her verbal promise, executed to plaintiff the so-called deed of August 13th, and hence that the resolution not to convey was formed subsequently. But, with our view of the law, we do not think the fact is material. In this case there was no concealment or misrepresentation of facts,—no undue influence nor intimidation. The plaintiff was fully informed that the verbal promise to reconvey was not binding in law, and that, if his mother refused to do so, he would be without remedy. With full knowledge of this plaintiff saw fit to make the conveyance. The fraud, then, (if any exists,) must be predicated upon the mere fact that the defendant did not *intend* to fulfil this void promise.

Now the authorities are uniform that a mere refusal to perform a verbal promise, void under the statute, is no ground for relief on the

ground of fraud. This is so for the manifest reason that if a party chooses to go outside of the law, and trust to the honor of another, he must take the consequence of his misplaced confidence; and, in such a case, we fail to see how it can make any difference whether the promisor did or did not at the time intend to fulfil the promise. The case is obviously different where there has been some concealment or misrepresentation of facts or of the real nature of the transaction, or some oppression, intimidation, undue influence, or the like, by means of which a party has been deceived or entrapped into making the conveyance. But, notwithstanding certain loose remarks in some of the cases, we find no well-considered case which holds that the *mere intention* not to perform will, in and of itself alone, furnish a ground for relief on the ground of fraud. Take the somewhat analogous case where goods are sold on the faith of a verbal guaranty. It has never been contended that relief should be given on the ground of fraud because the guarantor did not intend to perform his guaranty, his design being merely to induce the vendor to part with his goods, and then escape liability under cover of the statute. See 1 Lead. Cas. Eq. 358.

Application denied.