LOUIS FONTAINE and another *vs.* H. T. BUSH and another.

January 31, 1889.

| 40 | 141 |
|----|-----|
| .56 | 302 |
| 40 | 141 |
| 71 | 170 |
| 40 | 141 |
| 82 | 323 |

Sale—Statute of Frauds—Denial of Contract.—A defendant, denying in his answer the making of the contract upon which the action is brought, may avail himself of the defence that the agreement was void under the statute of frauds.

Same—Requisites of Acceptance—Delivery to Carrier. — An *acceptance*, to be effectual to avoid the effect of the statute of frauds, as to oral agreements for the sale of personal property, must be more than the mere receipt of the goods delivered. Even though the buyer (not yet having accepted the goods) designates a common carrier to whom the seller is to deliver the goods for transportation, and although the goods are so delivered and transported to the buyer, that alone is insufficient to constitute acceptance.

Appeal by plaintiff from an order of the municipal court of Minneapolis, refusing a new trial.

*G. D. Emery,* for appellants.

*Ferguson & Kneeland,* for respondents.

DICKINSON, J. This action is for the recovery of the price (more than $50) of a large quantity of potatoes, alleged to have been sold by the plaintiffs to the defendants at an agreed price. The answer denied the sale. The court, trying the cause without a jury, found

in favor of the defendants, upon the ground that the case was within the statute of frauds.

The mere oral agreement was void, under the statute, and the denial of the sale in the answer was sufficient to enable the defendants to avail themselves of that defence. *Tatge* v. *Tatge*, 34 Minn. 272, (25 N. W. Rep. 596, and 26 N. W. Rep. 121.) The case justified the finding of the court that there had been no acceptance on the part of the defendants satisfying the requirement of the statute. The circumstances to which attention should be directed in this connection are shown to have been as follows: The agreement was made orally, at Crookston, between the plaintiffs and one Storms, an agent of the defendants. The agreement was for the sale of a car-load of potatoes, at 45 cents a bushel, delivered on the track at Crookston, billed to the defendants at Minneapolis. The plaintiffs were authorized to draw on the defendants for the price when the potatoes were shipped. The potatoes were shipped by rail a few days after the agreement. When the car reached Minneapolis the defendants found the potatoes badly frozen. Thereupon the defendants telegraphed to the plaintiffs, informing them of that fact, and asking: "Shall we put in cellar for you?" The plaintiff responded by telegraph: "Handle to best advantage; cost forty here." The defendants then put the potatoes in a warehouse, picked them over, and sold them. After a part of them had been sold the defendants remitted what had been received for them to the plaintiffs, with a letter indicating that they were thus dealing with the potatoes, not as purchasers, but for the benefit of the plaintiffs.

"Unless the buyer *accepts and receives*" is the language of our statute of frauds, specifying cases excepted from its operation. The *acceptance* which, under the statute, is effectual to bind the purchaser, is distinguishable from a mere receipt of goods delivered, although the latter might be sufficient to transfer the title, in case there were a valid contract. In the case of an ageeement void by force of the statute, an effectual acceptance can be inferred only from some act or course of conduct on the part of the buyer manifesting a present intention to receive the goods in performance of the agreement, and to appropriate them as his own. It implies on

the part of the buyer, or of an authorized agent, the exercise of volition,—the determination to receive as his own, by purchase, property to the purchase of which he was not before bound. *Taylor* v. *Mueller*, 30 Minn. 343, (15 N. W. Rep. 413;) *Simpson* v. *Krumdick*, 28 Minn. 352, (10 N. W. Rep. 18;) *Caulkins* v. *Hellman*, 47 N. Y. 449; *Cooke* v. *Millard*, 65 N. Y. 352, 367; *Atherton* v. *Newhall*, 123 Mass. 141. Hence a delivery to a common carrier not designated by the buyer will not satisfy the requirement of the statute. That does not show an acceptance on the part of the vendee. *Simmons Hardware Co.* v. *Mullen*, 33 Minn. 195, (22 N. W. Rep. 294.) In view of the proposition that acceptance thus involves the election and action of the buyer, or of some authorized agent, binding him to an agreement which was before void, it logically follows that, even if the buyer at the time of making the void agreement directs that the goods be delivered to a designated common carrier for the purpose of being transported to the place where they are to come into his own hands, and the goods be so delivered and transported, this alone does not bring the case within the statutory exception requiring, not only a receipt, but an acceptance of the goods; and so is the current of authority. Leake, Cont. 284; *Acebal* v. *Levy*, 10 Bing. 376; *Norman* v. *Phillips*, 14 Mees. & W. 277; *Smith* v. *Hudson*, 6 Best & S. 431, 445, 448; *Ricard* v. *Moore*, 38 Law T. (N. S.) 841; *Meredith* v. *Meigh*, 22 Law J. Q. B. 401; *Johnson* v. *Cuttle*, 105 Mass. 447; *Rodgers* v. *Phillips*, 40 N. Y. 519; *Smith* v. *Brennan*, 62 Mich. 349, (28 N. W. Rep. 892.) The mere fact that the purchasing party so directs does not justify the inference that it is intended thereby to invest such carrier with authority to bind the purchaser by an acceptance of the goods as a performance of the agreement pursuant to which they are delivered.

But in this case it cannot be taken as a fact that the defendants did appoint the carrier to whom the potatoes were to be delivered, although the appellants claim that such was the necessary result of the agreement to deliver on the track at Crookston; because, as they say, there was but one railroad line there. But this is not shown in the case to be the fact. In any view of this case, the receiving of the property by the railroad company for transportation was no act of

acceptance on the part of, or by the authority of, the defendants, such as is required by the statute; and upon the arrival of the car at Minneapolis, there having as yet been no acceptance on the part of the defendants, and no valid contract, it was in their power to refuse to accept the property, and thus to make valid the oral agreement.

Several of the appellants' assignments of error are based upon the theory which we have considered above, and deem untenable,—that is, that a valid contract of sale, prior to the arrival of the car at Minneapolis, was shown. The condition of the potatoes when they reached Minneapolis, the defendants' communications to the plaintiffs respecting the same, and the manner in which they were disposed of, were properly received as a part of the *res gestæ*, affecting the question of acceptance. *Caulkins* v. *Hellman, supra.* In connection with these facts indicative of non-acceptance, there was no error in receiving the testimony of one of the defendants stating directly that they did not accept the potatoes as their property. *Berkey* v. *Judd,* 22 Minn. 287; *Garrett* v. *Mannheimer,* 24 Minn. 193.

Order affirmed.