## Cecil D. Grimes and Francis Coleman v. Charles D. Van Vechten and Morgan L. Fitch.

*Evidence : Sale of chattels : Delivery : Acceptance by carrier.* Where the delivery to a carrier is merely in pursuance of the same verbal contract, under which the goods were purchased; and the carrier has no independent and separate authority to act for the purchaser, his reception of the goods can only be valid because the contract itself is valid; and therefore, such an acceptance is not evidence of an original valid contract.

*Heard May 7. Decided May 10.*

Error to Kalamazoo Circuit.

This was an action brought in the Circuit Court for the County of Kalamazoo, by Charles D. Van Vechten and Morgan L. Fitch, against Cecil D. Grimes and Francis Coleman, in which the plaintiffs declared on the common counts in *assumpsit.*

The defendants pleaded the general issue and gave notice in defense " that on or about the fourth day of April, A. D. 1867, the said defendants at Mattawan, purchased of the said plaintiffs, a car load of 2d clear lumber at $35 per thousand, to be delivered by way of the Michigan Central Railroad to the defendants at Kalamazoo. That the said purchase was made at the same time and place with the purchase of the lumber mentioned in the plaintiff's bill of particulars in this cause, and constituted with it one and the same transaction. That the said plaintiffs, in pretended compliance with the first named purchase, sent and delivered to the said defendants, a car load of lumber which the said defendants received and paid for at the price above

specified for 2d clear lumber, the same, at the time of such reception and payment, being not yet unloaded from the car and not open to the inspection of the defendants. That such reception and payment were made upon the representations of the said plaintiffs that the same was 2d clear lumber, and the agreement of the said plaintiffs that if the same was not 2d clear lumber, the difference in value should be allowed to the defendants to be applied upon the price of the lumber, for which the plaintiffs claim to recover in this suit. Whereas in fact, the said car load of lumber was not 2d clear lumber, but was on the contrary as to a large part of it, common lumber, of much less value than 2d clear lumber, and was as to another large part of it worthless ; whereby the defendants sustained damages to wit: to the amount of two hundred dollars, which they will recoup against the plaintiffs in this action."

The cause was tried by a jury, who found for the plaintiffs; and the cause comes into this Court by writ of error for review of the charge of the Circuit Judge.

*Severens & Burrows,* for plaintiffs in error.

*Stuart & Edwards* and *G. V. N. Lothrop,* for defendants in error.

CAMPBELL, CH. J.

Defendants in error sued plaintiffs in error for the price of a car load of lumber. The defense was in substance that two car loads were included in the same original bargain, which was verbal. That when the first load arrived at Kalamazoo from Mattawan, where it was shipped, the purchasers refused to accept it, as not conforming in quality to the contract. That thereupon one of the vendors came to Kalamazoo, and on his assurance and promise that any deficiency should be made good in settling for the second car

load, (which is the one in suit), the first car load was accepted and paid for.

There was considerable conflict in the testimony upon some material points. In charging the jury, the Court, among other things, charged them "that if the contract was that the first car load of lumber was purchased to be delivered on the car at Mattawan, and no time of payment was agreed upon otherwise, the pay for that car load was due and payable when the car was loaded, and it was the legal duty of the defendants to pay for the same then and there, and that the lumber became their property when so delivered."

The effect of this charge was to rule out a substantial part of the defense, as founded upon no consideration. The verbal contract unquestionably contemplated the shipment from Mattawan, and, if the shipment passed the title and bound the parties, then so much of the agreement as was claimed to have been made in Kalamazoo in connection with the acceptance and payment, would become nugatory.

Plaintiffs in error claim that the first contract was void under the statute of frauds, being for more than fifty dollars worth of lumber, without earnest or delivery, and that therefore there was no binding agreement until the acceptance of the first car load. Defendants in error insist that a delivery to the carriers was as effectual as if made to the parties, and that the sale became complete, therefore, when the lumber was shipped.

Where a carrier has been employed by a vendee as his agent to receive goods for him, there is reason for holding his acts valid to bind his principal; and there will, perhaps, be no great difficulty in holding his acceptance effectual in cases where there is no reserved right of personal inspection or decision. But where the delivery to the carrier is merely in pursuance of the same verbal contract under which the goods were purchased, and the carrier has no independent and separate authority to act for the purchaser,

his reception of the goods could only be valid because the contract itself was valid. And if the delivery and acceptance was the first transaction which gave force to the contract in the case before us, it is clear that it must have been a delivery to the party and to no one else.

It involves a sophism to hold that a void contract can furnish authority to a third person to ratify it. If it was good to create the agency, the agency was entirely unnecessary. The same principle was involved in *Holland v. Hoyt, 14 Mich., 238,* where it was held that a person who had not sufficient authority to bind his principal under the statute of frauds, by a contract for the sale of land, could not accomplish the same result by way of estoppel. The same power necessary for the one was necessary for the other.

And in *Chamberlin v. Dow, 10 Mich. R., 319,* it was held that a verbal contract by two persons jointly, to purchase articles within the statute, could not be made effectual against both by the subsequent ratification by one of them, having no authority independent of the verbal contract. The contract is wholly and not partially void.

The ruling was erroneous, and the judgment must be reversed. The remaining errors assigned are not very material, and we do not consider it necessary to discuss them, as the same points are not likely to arise on a new trial.

Judgment must be reversed, and a new trial granted.

The other Justices concurred.