## John B. Smith v. Michael Brennan.

*Statute of frauds—Sale of goods void under—Cannot be validated by delivery to carrier on verbal order of vendee's agent, made at time of purchase— Goods being received after vendee's death—Nor can the special administrator of his estate, by taking possession of and inventorying the goods, validate the contract—Sale by sample—Prior to vendee's acceptance of the goods, vendor remains the owner of the property, and may revoke the sale.*

1. A New York merchant made a *verbal* sale of a case of hosiery to a customer in Detroit, the agent of the vendee selecting the goods by sample, and making a *memoranda* of their number, price, and quality, and of the terms of credit, for his own convenience. The agent ordered the goods shipped to Detroit, and on the next day a case of hosiery of *like* number, quality, and quantity was so shipped, but arrived after the death of the vendee, the special administrator of whose estate, finding the goods in the vendee's store, took possession of the same with the rest of the stock, and they were inventoried and appraised as a part of the assets of the estate.

   The vendor demanded the goods of the administrator, and on his refusal to deliver the same brought replevin therefor, claiming that the contract was within the New York statute of frauds, and that there had been no acceptance of the goods by the vendee.

   *Held*, that there was no selection or setting out of the *identical* goods; that the transaction was simply a sale by *sample;* that the vendee, if he had lived, would not have been bound to accept the goods on their arrival in Detroit; and that the *oral* order for shipment did not take the case out of the statute.

2. In the absence of independent or separate authority to a carrier to receive and accept goods, where the contract of purchase is within the statute of frauds, such contract can furnish no authority to such carrier to ratify the sale.

3. A special administrator has no right to accept goods purchased by a deceased vendee in his life-time, which contract was void under the statute of frauds, and thus make an invalid contract a binding one upon the estate.

4. Where goods were sold by sample, and shipped to the vendee, who died before they reached their destination,—

   *Held*, that the contract, prior to the vendee's acceptance of the goods, was but an *offer* on the one part to sell and deliver the goods, subject to revocation at any time before such acceptance; that their

delivery to a carrier for shipment to the *vendee's* residence was not a delivery to *him*, and that the goods remained the vendor's property while in transit.

Error to Wayne. (Jennison, J.) Argued June 24, 1886. Decided July 8, 1886.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion and head-notes.

*Griffin & Warner*, for appellant:

The carrier had no independent and separate authority to act for Walsh in the acceptance of the goods, and within well-established rules in Michigan there must not only have been a delivery to Walsh, at Detroit, but an unequivocal acceptance by him: *Grimes v. Van Vechten*, 20 Mich. 410; *Webber v. Howe*, 36 Id. 150–4; *Rindskopf v. De Ruyter*, 39 Id. 1; Wood on Statute of Frauds, § 333.

Such an acceptance involves the exercise of volition on the part of the vendee himself: *Cobb v. Chase*, 54 Iowa, 255; Boone on Mortgages, § 238; and no other person can exercise this right for him unless by special authority: Wood on Statute of Frauds, § 331.

Neither special nor general administrators can make contracts on the part of the estate. The business or trade of the deceased dies with him, and his executor or administrator cannot carry it on, even though ordered to do so by will, without incurring a personal responsibility: Story on Contracts, § 365; *Barker v. Parker*, 1 Term Rep. 295; *Wightman v. Townroe*, 1 Maule & Selwyn, 412.

Under How. Stat. § 5852, a special administrator cannot bind the estate by a purchase of goods, and the acceptance of goods practically involves a contract for such purchase. A contract void under the statute of frauds is a nullity, and cannot be used for any purpose whatever, nor be the foundation of legal obligations arising out of nothing else: *Chamberlain v. Dow*, 10 Mich. 319; *Hall v. Soule*, 11 Id. 494; *Holland v. Hoyt*, 14 Id. 238; *Grimes v. Van Vechten*, 20 Id. 410; *Scott v. Bush*, 26 Id. 418–421.[1]

The contract, previous to acceptance, was no more than an offer to sell and deliver the goods, and could be revoked at any time before acceptance: Wood on Statute of Frauds, § 331; and the vendee might refuse to accept with-

---

[1] See *Raub v. Smith*, 61 Mich. 543 (head-note 2).

·out assigning any reason. The rule is well settled that an offer is revoked by the death of the person to whom it is made, before acceptance: Benj. on Sales, § 41, note *q*; *Werner v. Humphreys*, 2 M. & G. (Eng. Com. Law) ·853; *Blades v. Free*, 9 B. & C. (Eng. Com. Law) 167; *Campanari v. Woodburn*, 15 C. B. 400.

*John C. Donnelly* and *James T. Keena*, for defendant:

The record shows a completed sale of the case of goods in New York, with nothing remaining to be done by the vendor but their delivery, the same having been accepted by the selection of the goods; and their delivery was made by placing them in the possession of the carrier for transportation to Detroit, pursuant to the instructions of the vendee's agent: *Cross v. O'Donnell*, 44 N. Y. 664; *Cusack v. Robinson*, 1 B. & S. (Q. B.) 299; *Somers v. McLaughlin*, 57 Wis. 358; Benj. on Sales (4th Am. ed.), 180.

The acts of the administrator were in fact an acceptance of the goods.

The vendor, having voluntarily parted with the possession of the goods, cannot regain possession; having performed the contract on his part, he cannot recall the goods; the option remained with the vendee to repudiate: 3 Parsons on Contracts (5th ed.), 40.

MORSE, J. This is an action of replevin for a case of goods containing 60 dozen half-hose.

The property was shipped by the plaintiff from his store, in Boston, to Thomas Walsh, in Detroit. The goods were sold by the plaintiff to said Walsh on the thirteenth day of September, 1885, at New York city. They were delivered to the Merchants' Despatch, a carrier at Boston, Massachusetts, on the fourteenth of the same month, and shipped to Walsh. Walsh died on the seventeenth of September, 1885, before the goods were delivered to him by the carrier. Brennan was appointed administrator of the estate of Walsh, and on the twenty-fourth of September found this case of hosiery in Walsh's store, and apparently a part of the stock belonging to his estate. He took possession of them with the rest of the stock, and proceeded to inventory and appraise them as a part of the assets of the estate.

The plaintiff demanded the goods of Brennan, who refused to deliver them upon the demand.

The sale in New York was verbal, and was made by one Fishill, in the employ of plaintiff, to one Hanley, the agent of Walsh, and the goods were sold on credit. These persons do not differ materially in their statements of the transaction.

Hanley went into plaintiff's store in New York, and looked at and selected a case of hosiery, and made a note of his purchase, to wit, a *memoranda* in a book of the number, price, and quantity of the goods, and the terms of credit, for his own convenience.

There was no memorandum made or signed by him and given to Fishill, nor was any made by Fishill and handed to him. Hanley ordered the goods shipped by the Merchants' Despatch, and the next day a case of like number, quality, and quantity of hosiery was shipped from plaintiff's store in Boston to Thomas Walsh, at Detroit.

The plaintiff on the trial introduced the statutes of New York in reference to verbal contracts for the sale of goods, as follows :

"Every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void, unless—

"1. A note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby; or,

"2. Unless the buyer shall accept and receive part of such goods, or the evidences, or some of them, of such things in action ; or,

"3. Unless the buyer shall, at the time, pay some part of the purchase money."

The value of the goods was admitted to be $195.

The circuit judge ruled that the administrator had accepted the goods, and had the same right to accept them that Walsh would have had if he had been living when they were delivered by the carrier, and directed a verdict for the defendant. A return being waived, the damages of defendant were assessed at $195, and he had judgment for that sum.

At the time of the taking possession and acceptance of the goods he was a special administrator, appointed under the provisions of How. Stat. § 5851, and with the powers and duties prescribed by section 5852 of the same statutes.

The counsel for plaintiff take the ground that this contract is shown to be within the statute of frauds of the State of New York, where the contract was made, and that, there having been no acceptance of the goods by Walsh, the plaintiff had the right to reclaim them.

It is admitted by defendant's counsel that a delivery must be shown in order to defeat the action of the plaintiff. He argues—

1. That there was a selection and setting out of the particular and identical goods at the time of purchase, and an order given that they be shipped by the Merchants' Despatch; that they were, after such selection, shipped as ordered, and that this is a sufficient delivery.

2. That if it were not a good delivery, the acceptance of Brennan was sufficient.

3. That the plaintiff, having voluntarily parted with his possession of the goods, cannot regain possession. Having performed the contract on his part, he cannot recall the goods; the option remained with defendant to repudiate them.

The first position is not tenable.

There was no selection or setting out of the identical goods, nor were the same goods selected forwarded to Walsh, at Detroit, but a case like the one picked out at New York was sent from the Boston store. It was nothing more or less than a contract for sale by sample. Walsh, if he had lived, would not have been bound to accept the goods when they arrived at Detroit. The oral order that the goods be shipped by the Merchants' Despatch does not help the contract out of the statute. The carrier could not accept the goods, within the statute of frauds, under the previous ruling of this Court. It is not shown that the Merchants' Despatch had any independent or separate authority to act for Walsh, and accept the goods when delivered to it in his behalf. And if the contract of sale was void, as it unquestionably

was, it could furnish no authority to a third party, the carrier, to ratify it: *Grimes v. Van Vechten*, 20 Mich. 410.[1]

It is also plain to us that Brennan, as special administrator, had no right, by any act of his, to accept the goods, and thus make an invalid contract a binding one upon the estate of Walsh. While an administrator or executor may be authorized, and under some circumstances compelled, to carry out the terms and provisions of a *valid* contract entered into by the deceased, he cannot make any contracts for him, or ratify his void transactions.

We do not think that it can be said, in regard to the third proposition, that the plaintiff had parted with the possession of the goods. The contract between the parties, before acceptance upon the part of Walsh, was no more than an offer upon the part of plaintiff to sell and deliver the goods, which might be legally revoked at any time before such acceptance. The delivery to the carrier was not a delivery to Walsh, and consequently the goods remained, while in transit, the property of the plaintiff. He could have recalled them at any time before acceptance. Walsh dying without accepting them, and Brennan having no power to accept them for him, the goods at the time of the demand were the property of the plaintiff, and he had not consented to their going out of his possession.

Upon the facts as they were stipulated, and also appeared in evidence upon the trial, the court should have directed a verdict for the plaintiff.

The judgment is therefore reversed, and a new trial granted, with costs to plaintiff.

---

"[1] Where a carrier has been employed by a vendee as his agent to receive goods for him, there is reason for holding his acts valid to bind his principal; and there will, perhaps, be no great difficulty in holding his acceptance effectual in cases where there is no reserved right of personal inspection or decision. But where the delivery to the carrier is merely in pursuance of the same verbal contract under which the goods were purchased, and the carrier has no independent and separate authority to act for the purchaser, his reception of the goods could only be valid because the contract itself was valid. And if the *delivery* and *acceptance* was the first transaction which gave *force* to the contract in the case before us, it is clear that it must have been a delivery to the *party* and to no one else."

See *Chamberlain v. Dow*, 10 Mich. 319; *Holland v. Hoyt*, 14 Id. 238.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. SHER-WOOD, J., did not sit.