HUDSON FURNITURE COMPANY, APPELLANT, *v.* FREED FURNITURE & CARPET COMPANY, RESPONDENT.

1. STATUTE OF FRAUDS.—SALE OF CHATTELS.—The provision of 2 Comp. Laws 1888, § 2836, avoiding oral sales of goods for $300 or over unless the buyer shall "accept or receive" part thereof, is impliedly repealed by the later statute, § 3918, subd. 4, avoiding such sales for $200 or more, "unless the buyer accept and receive a part," though the former is a part of the regular statute of frauds, and the latter a mere rule of evidence in the Civil Code.

2. ID.—DELIVERY AND ACCEPTANCE.—Delivery f. o. b. to a carrier

not specially designated by the buyer is not delivery to, and acceptance by, the buyer.

3. STATUTES REPEALED BY IMPLICATION.—Where there is a positive repugnancy between the provisions of two statutes, the former in point of time is repealed by the latter by implication to the extent of such repugnancy.

(No. 430.   Decided March 20, 1894.   36 P. R. 132.)

APPEAL from the district court of the third judicial district, Hon. Chas. S. Zane, *Judge.*

Action by the Hudson Furniture Company against the Freed Furniture & Carpet Company for the price of goods sold and delivered.   Verdict for the plaintiff set aside and a new trial granted.   From the order granting defendant a new trial, plaintiff appeals.   *Affirmed.*

*Mr. Frank B. Stephens* and *Mr. Benner X. Smith,* for appellant.

If the provisions of the statute, 2 Comp. Laws 1888, § 2836, is now in force, the delivery of the goods by the railway company free of charge on board the cars, according to the contract, was the receiving of the same by the defendant, and he cannot claim the benefit of the statute of frauds.   *Ottwater* v. *Dodge,* 6 Wend. 397; *People* v. *Haines,* 14 Wend. 546; *Dwyer* v. *Forrest,* 2 Abb. 282; *Waldron* v. *Roumain,* 22 N. Y. 368; *Glenn* v. *Whittaker,* 51 Barb. 451; *McGruder* v. *Gage,* 3 Am. R. 177; *Krandler* v. *Elletson,* 7 Am. R. 402; *Cross* v. *O'Donnell,* 44 N. Y. 661; *Rogers* v. *Phillips,* 40 N. Y. 519; *Bullock* v. *Tschergi,* 13 Fed. R. 35; *Allard* v. *Greasert,* 61 N. Y. 1; *Merchant* v. *Chapman,* 4 Allen, 362; *Hunter* v. *Wright,* 12 Allen, 548; Benjamin on Sales, § 181, and in note 8.

*Messrs. Brown & Henderson,* for respondent.

Bartch, J.:

This is an action brought to recover the price of goods sold under verbal contract. The jury rendered a verdict in favor of the plaintiff, and thereupon the defendant moved for a new trial. On the hearing of this motion the verdict was set aside, and a new trial granted. From this order, the plaintiff appealed.

It appears from the evidence that plaintiff's agent called upon the defendant, and received his verbal order for the goods in question at the agreed price of $438.90, the goods to be delivered free on board of cars at Hudson, Wis., consigned to the defendant. No particular railroad or carrier was designated. It further appears that the goods were delivered on board of cars, and shipped to Salt Lake City, in pursuance of said order; that a bill was sent to the defendant; and that thereupon, and before the goods arrived at Salt Lake City, the defendant telegraphed and wrote to the plaintiff, refusing to receive or accept the goods. The respondent contends that this contract was void under the statute of frauds, and that to entitle the plaintiff to recover there must be shown a delivery of the goods by the plaintiff, and an acceptance by the defendant. The appellant insists that the delivery of the goods to the carrier was a receiving of the same by the defendant, and therefore does not fall within the statute of frauds, and that this case is controlled by section 2836, Comp. Laws Utah 1888, which reads as follows: "Every contract for the sale of any goods, chattels, or things in action for the price of three hundred dollars, or over, shall be void, unless: 1. A note or memorandum of such contract be made in writing and subscribed by the parties to be charged therewith. 2. Unless the buyer shall accept or receive part of such goods, or other evidences, or some of them, of

3 .

such things in action; or 3. Unless the buyer shall at the time pay some part of the purchase money."

This law was enacted in 1865, and under its provisions, if the buyer either accepted or received the goods, its terms would appear to be satisfied; and, if this were the only statute affecting this class of contracts, then the only question in this case would be whether the delivery by the seller to a carrier not designated by the buyer would be a sufficient receiving of the goods on the part of the buyer. Counsel for appellant has cited several cases which appear to hold the affirmative of this proposition under statutes similar to the one under consideration. We do not deem it necessary, however, to pass upon this question, in view of a later law found in section 3918, Comp. Laws Utah 1888, which provides as follows: "In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents." Omitting the parts of this section not material in this case, subdivision 4 reads: "An agreement for the sale of goods, chattels, or things in action, at a price not less than two hundred dollars, unless the buyer accept and receive a part of the goods and chattels, or the evidences, or some of them, of such things in action, or pay at the time some part of the purchase money." This law was passed in 1884, and is the latest expression of legislative will on this subject. Under its terms no evidence of an agreement for the sale of goods, the price of which is $200 or more, can be received, except the writing or secondary evidence of its contents, unless the buyer has accepted and received a part of the goods; and such a contract not in writing is, in its inception, void, and only becomes operative when the buyer has both

accepted and received a portion of the goods. This is so because, after an appropriation of the goods as his own, he will not be heard to assail the validity of the contract under which they became his property.

Under section 2836, *supra*, this result appeared to follow whenever the buyer accepted or received a part of the goods. The former statute uses the phrase "accept or receive," the latter "accept and receive." In the former, the conjunction is a connective which marks the alternative, and it would appear that either an acceptance of a part of the goods or a receiving of the same would avoid the operation of the statute. In the latter, the conjunction expresses the relation of addition of; and here to avoid the operation of the statute it must be shown, not only that a part of the goods were accepted, but also that they were actually received. It is clear that the two sections are repugnant to each other in this respect, and, as section 3918 is the latest expression of our legislature, it must prevail; and, in so far as the two statutes are repugnant to each other, the former is repealed by the latter by implication. The fact that the former is not expressly repealed by the latter, and is our regular statute of frauds, as insisted by counsel for appellant, makes no difference. Nor does the fact that the latter is merely a statute of evidence, adopted with the Civil Code, and forming a part of it, change the rule of construction that, where there is a positive repugnancy between the provisions of two statutes, the former in point of time is repealed by the latter by implication, to the extent of such repugnancy. In so far as the later law is merely auxiliary or affirmative or cumulative, it does not repeal the former. Both statutes must be construed together, and given effect as far as possible, for both are presumed to have been enacted with deliberation, and with a knowledge of all existing laws on that subject. Suth. St. Const. §§ 152, 160; *Wood* v. *U.*

*S.,* 16 Pet. 342; *People* v. *Board of Sup'rs,* 67 N. Y. 109.

We are of the opinion that, to entitle a person to recover under a contract such as the one under consideration, both an acceptance and a delivery must be shown. Was, then, the delivery to the carrier in this case such a delivery as will satisfy the provision of law expressed in the phrase "accept and receive," or as will avoid the operation of the statute? No part of the purchase money was paid by the buyer, and no note or memorandum of the contract was signed by him. The transaction was made in pursuance of an oral agreement, which was void under the statute, unless the buyer accepted and received a part of the goods. A buyer may receive the goods for the express purpose of ascertaining their quality or fitness for the use intended, and may then refuse to accept them, or he may accept them and yet never receive them. In neither case does he appropriate them to himself and oust the seller of his property in them. Nor does he divest the owner of his lien or of his right of stoppage *in transitu.* To satisfy the statute there must be such an act, or such conduct, on the part of the buyer, as will manifest an intention to accept and receive the goods as his own,—such an act or such conduct as will supply the place of a written contract. The delivery must be a complete delivery, and the acceptance must be final, unconditional, and irrevocable, so that the goods will be reduced to the actual possession of the buyer. It is not necessary for the accepting and receiving to take place at the same time. One may precede the other, but both must have occurred before the seller is entitled to recover the price; for so long as there is no absolute and final appropriation of the whole or a part of the goods by the buyer, or so long as the contract, by its terms, may be avoided by either party, or so long as either party has a claim, as against the other, upon the subject-matter, or so long as the buyer may object to the quality

of the goods, there is no sufficient acceptance, even though the possession of the goods may have been altered.

Story, in his work on the Law of Sales (section 276), treating on this subject, says: "The acceptance must be final, complete, and irrevocable, and the subject-matter must have come into the absolute possession of the purchaser, or of some person authorized finally to receive it for, him. An acceptance of goods, therefore, by a carrier or middleman, to take to the purchaser, is not sufficient, unless such carrier or middleman be the authorized general agent of the purchaser, because such a delivery and acceptance would not be final, so as to deprive the seller of his right of stoppage *in transitu.* It is not, however, necessary that there should be a manual and actual reception of the goods; for if a complete constructive possession be given by symbol so as finally to bind both parties, or if a final appropriation by the purchaser be necessarily implied from his acts, so as to destroy all right to avoid the sale, or to object to it, or if they be delivered to an agent or bailee authorized finally to accept them, the acceptance will be sufficient. The only question is whether the contract is completely executed on the part of the vendor, and assented to finally by the vendee, so that the right of property and the possession are irrevocably changed." There has been much discussion on this subject by jurists, but the law now appears to be well settled, both in England and in this country, in accordance with the doctrine laid down by this eminent author. Under this broad and explicit exposition of the law it follows that a delivery of goods to a common carrier, pursuant to a verbal contract, for the purpose of transporting them to the buyer, is not a sufficient acceptance, unless such carrier be the agent of the buyer, and has authority finally to accept them for him.

In *Norman* v. *Phillips,* 14 Mees. & W. 277, Anderson,

B., said: "The true rule appears to me to be that
acceptance and delivery under the statute of frauds means
such an acceptance as precludes the purchaser from
objecting to the quality of the goods; as, for instance, if,
instead of sending the goods back, he keeps or uses them."
In *Knight* v. *Mann*, 118 Mass. 143, the court said: "The
clear and unequivocal acts showing an acceptance, or from
which an acceptance may be inferred, must relate to some
dealing with the property itself by the buyer or his author-
ized agent, after the delivery of the whole or a part of it."
1 Reed, St. Frauds, § 262; Benj. Sales, § 139; *Baldey* v.
*Parker*, 2 Barn. & C. 37; *Tempest* v. *Fitzgerald*, 3 Barn.
& Ald. 680; *Maberley* v. *Sheppard*, 10 Bing. 99; *Carter* v.
*Toussaint*, 5 Barn. & Ald. 855; *Smith* v. *Surman*, 9 Barn.
& C. 561; *Johnson* v. *Cuttle*, 105 Mass. 447; *Rodgers* v.
*Phillips*, 40 N. Y. 519; *Cross* v. *O'Donnell*, 44 N. Y. 661;
*Grimes* v. *Van Vechten*, 20 Mich. 410; *Taylor* v. *Mueller*,
30 Minn. 343, 15 N. W. 413; *Frostburg Manuf'g Co.* v.
*New England Glass Co.*, 9 Cush. 115; *Allard* v. *Greasert*,
61 N. Y. 1; *Shepherd* v. *Pressey*, 32 N. H. 49. While it
is true that in many cases a delivery to a carrier has been
held sufficient to satisfy the statute of frauds, yet in most
of those cases it will be found, upon examination, that
there was either a prior acceptance of the goods by the
buyer, or that the statute provided for an acceptance or
delivery, or that the carrier was designated by the buyer,
and selected by him for the purpose of receiving and
accepting the goods.

The case at bar must be distinguished from all of these
classes of cases, for here the law requires both a receipt
and an acceptance, and there was no prior acceptance by
the buyer, nor was the carrier designated or selected by
him as his agent to accept the goods. The plaintiff deliv-
ered the goods to the carrier without any authority except
such as was given it by the terms of a void contract,

which, being void, could not empower it to do any act which would bind or conclude the defendant.   What the plaintiff did is entirely immaterial.   The defendant could accept the goods or not, as it chose.   It may be admitted in this case that the plaintiff fully performed its part of the verbal contract, and still the defendant could refuse to accept the goods.   It could do this arbitrarily and unreasonably, and without assigning any reason therefor. The question is not whether the defendant ought to have accepted the goods, but whether it did accept them.   1 Reed, St. Frauds, § 263; Benj. Sales, § 139.   We think there was not a sufficient acceptance to satisfy the statute, and the trial court, having proceeded on the theory that the acceptance was sufficient, properly granted a new trial. The order is affirmed.

MINER and SMITH, JJ., concur.