KUPPENHEIMER *v.* WERTHEIMER.[1]

1. SALE—DELIVERY TO CARRIER—CONFLICT OF LAWS—STATUTE OF FRAUDS.
   Where goods are verbally ordered by sample in another State, to be shipped to Michigan, the fact that the purchaser is to have the privilege of examining the goods before paying for

[1] Rehearing denied December 30, 1895.

| | |
|---|---|
| 107 | 77 |
| 118 | 541 |
| 118 | 542 |
| 107 | 77 |
| s64NW | 952 |
| s61ASR | 317 |
| 132 | 1147 |
| 107 | 77 |
| 134 | 1234 |
| 107 | 77 |
| 149 | 1422 |

them, to see whether they are like the samples, does not make the transaction a Michigan contract, subject to the Michigan statute of frauds, but the sale is complete and title passes upon the delivery of the goods to the carrier. *Rindskopf* v. *De-Ruyter*, 39 Mich. 1, distinguished.

2. SAME.

A parol contract for the sale of goods exceeding $50 in value is not taken out of the operation of the statute of frauds by a delivery of the goods to a carrier for transportation to the buyer.

Error to Wayne; Frazer, J. Submitted October 25, 1895. Decided November 5, 1895.

*Assumpsit* by Bernhard Kuppenheimer and others against William Wertheimer and Max Wertheimer for goods sold and delivered. From a judgment for plaintiffs, defendants bring error. Affirmed.

*Sloman, Groesbeck & Robinson*, for appellants.

*Bowen, Douglas & Whiting*, for appellees.

HOOKER, J. The plaintiffs, who are wholesale dealers in clothing at Chicago, Ill., recovered judgment against defendants, retail dealers at Detroit, Mich., for the value of a bill of clothing shipped to them upon their order. The order was given by defendant Max Wertheimer at plaintiffs' store, the goods being ordered from samples shown him. The defendant testified that the goods were to be shipped the same day by express, to Detroit, where he was to have the privilege of examining them, and, if found to be like the samples, they were to be paid for. The plaintiffs offered testimony tending to show that the defendant did not direct shipment by express, but that the goods were to be shipped to defendants at Detroit, and they were to check them off to see whether they were as ordered, and then remit for the same. The jury must have found with the plaintiffs upon the subject of shipment, for the court instructed them that the plaintiffs could not recover if shipment was to be made by express.

The amount of this bill was upwards of $400, and, as no money was paid, it was within our statute of frauds, if it was a Michigan contract. If, on the other hand, it was an Illinois contract, it is apparently conceded to have been valid. Hence prominence is given to this question in the briefs of counsel.

The goods were ordered in Chicago. Plaintiffs contend that delivery to the carrier completed the sale, and that payment was to be made in Chicago, and therefore it was an Illinois contract. On the other hand, defendants contend that this delivery to the carrier was merely for transportation to Michigan, where the defendants should be allowed to inspect the goods, to determine whether or not they were the goods ordered; that this condition forbids the inference, from the fact of delivery to the carrier, of a receipt and acceptance as elements of a present sale. Their counsel cite the case of *Rindskopf* v. *De Ruyter*, 39 Mich. 6, in support of this proposition.

It is the usual rule that title passes under a valid contract of sale when nothing remains to be done by the vendor in relation to the appropriation or delivery of the goods, although the property sold is not specific. 1 Benj. Sales (Corbin's Ed.), § 469; *Carpenter* v. *Graham*, 42 Mich. 191; *Byles* v. *Colier*, 54 Mich 1; *Wagar* v. *Railroad Co.*, 79 Mich. 650, and cases cited; *Lingham* v. *Eggleston*, 27 Mich. 324. Delivery to a public carrier for transportation to the purchaser is, in the absence of circumstances showing a contrary agreement, usually held to be a delivery to the purchaser, through his agent, the carrier. 21 Am. & Eng. Enc. Law, p. 528, and cases cited. Apparently counsel for the defendants do not question these rules, but contend that the stipulation in regard to inspection shows that the parties did not intend that title should pass by delivery to the carrier.

The case of *Rindskopf* v. *De Ruyter* would at first blush seem to support this contention. In that case liquors were ordered verbally at Grand Rapids by defendant from the plaintiffs' agent, but under the condition that

the liquors should be sent to be first examined, and then to be kept or returned, as it should or should not appear that they answered the requirements of the understanding under which the order was made. The order was subject to the plaintiffs' approval. Wisconsin had a statute similar to our own, under which delivery and acceptance were necessary to make this contract valid, and the court held that delivery to the carrier for transportation was not such a delivery as would take the case out of the statute. A large number of cases were cited in support of this proposition, which is clearly correct, on the principle that the vendor cannot, by his own act alone, take the case out of the statute. And under these authorities the delivery to the carrier would not have had that effect, although there had been no agreement in relation to keeping or returning the goods. That case turns on the question,—

"Was there any receipt or acceptance in Wisconsin in the sense of the statute of frauds? Unless there was, no binding sale was there effected. * * * The only act of receipt and acceptance in Wisconsin was by the carrier."

But the opinion goes further, and says that even this act of acceptance by the carrier was under and expressly subject to an arrangement which forbids inferring from it a receipt and acceptance as elements of a present sale; that under the finding of the referee the carrier received the goods simply for carriage to Michigan, *and in order* that they might, upon arrival, be examined *with a view to their change of ownership,* upon terms agreed on, if found to correspond with the previous understanding. It would seem that under the evidence in that case it was found that the intention of the parties was not to pass title until after inspection, when the vendee had an option to accept or reject, subject, necessarily, to a right of action for breach of contract if they were unjustly returned, had the executory contract been binding. Thus the court determined that case upon two grounds,

either of which was sufficient to show that title did not pass by delivery to the carrier.

In the present case there is no evidence of an understanding that the property should not pass until inspected. Nothing was said about transporting to Detroit with a view to change of ownership only after acceptance. It is true that the goods were to be examined, and the price remitted at once, if found correct; but the agreement was silent as to this inspection being with a view to a change of ownership. The right to inspect before acceptance always exists, and a purchaser cannot be required to inspect at the shipping point, but is entitled to a reasonable opportunity after the arrival of the goods. *Fogel* v. *Brubaker*, 122 Pa. St. 7; 2 Benj. Sales (Corbin's Ed.), §§ 910, 966; *Erwin* v. *Harris*, 87 Ga. 333. If the goods are not up to the sample, the right to refuse them exists, which is, in effect, a rescission. The title passes upon delivery to the carrier, subject to this right, of which the purchaser may avail himself or not. Upon the facts shown, the court properly held that title passed by delivery to the carrier.

We think that this disposes of the questions raised, and that the judgment of the circuit court should be affirmed.

The other Justices concurred.