$$\frac{134}{.143} \frac{233}{443|}$$

## GATISS *v.* CYR.

STATUTE OF FRAUDS—SALE—DELIVERY TO CARRIER.
> Delivery of goods to a common carrier for shipment is not such a delivery to and acceptance by the purchaser of goods of more than $50 in value as will make a verbal contract valid.

Error to Alger; Steere, J. Submitted June 9, 1903. (Docket No. 45.) Decided July 14, 1903.

*Assumpsit* by John H. Gatiss, Jr., against Isadore Cyr, for goods sold and delivered. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

This suit was commenced in justice's court. Defendant, being informed that plaintiff, a tradesman, had potatoes to sell, went to his store to buy them. Plaintiff was absent. His clerk showed defendant some potatoes. Defendant immediately after, and on October 16th, wrote plaintiff the following letter:

"Mr. GATISS,
        "Chatham, Mich.:
   " I have been to your store yesterday to see you in regard to potatoes. As you were not at home couldn't make any deal. The potatoes that your clerk showed me are satisfactory. I can take about 500 bushels of those potatoes at 60 cents. If you should not have enough to make a car load, you might get some from Mr. Vaughn to finish the car, as I have bought from him already 75 bushels, and I agreed to take balance of his stock. I wish you would see him, so I may get all in same car. You must be sure to ship me the car before the last of this month, so that you get your check November 15th.
   " P. S.—You can put six or seven hundred bushels in car."

To this letter plaintiff did not reply in writing, but immediately took steps to comply with its terms by ship-

ping the potatoes. The car was loaded on the 22d, and duly shipped. It contained 21,535 pounds of potatoes. After some delay in transportation, the car was delivered by the railroad company to the defendant, who promptly refused to receive and accept the potatoes, and so notified the plaintiff. It is claimed by the defendant that the potatoes were not such as he bought, while the plaintiff claims that they were, and in good condition when shipped. The potatoes were in bad condition when shipped, or became so on account of cold weather while in transportation. No acceptance was shown. The court directed a verdict for the defendant, for the reason that the contract, not being in writing, was void under the statute of frauds.

*H. B. Freeman,* for appellant.

*F. D. Mead,* for appellee.

GRANT, J. (*after stating the facts*). If delivery by the plaintiff to the common carrier for shipment was both a delivery to and an acceptance by the defendant, the case is not within the statute; otherwise it is. While some authorities hold that a common carrier is the agent of the vendee for delivery and acceptance (*Strong* v. *Dodds,* 47 Vt. 348; *Leggett & Meyer Tobacco Co.* v. *Collier,* 89 Iowa, 144 [56 N. W. 417]), the contrary rule is established by the decisions of this court (*Grimes* v. *Van Vechten,* 20 Mich. 410; *Webber* v. *Howe,* 36 Mich. 150; *Smith* v. *Brennan,* 62 Mich. 349 [28 N. W. 892, 4 Am. St. Rep. 867]; *Kuppenheimer* v. *Wertheimer,* 107 Mich. 78 [64 N. W. 952, 61 Am. St. Rep. 317]). Under these decisions the court below correctly held the contract void, and directed a verdict for the defendant.

The judgment is affirmed.

The other Justices concurred.