CALVERT *v.* SCHULTZ.

1. STATUTE OF FRAUDS—SALE OF GOODS—DELIVERY.

An order by the seller of a car of coal on track to the carrier to turn it over to the buyer is not a delivery and acceptance that will take the contract of sale out of the statute of frauds, there being no claim that the carrier was authorized to accept for the buyer.

2. CUSTOM—EVIDENCE—EFFECT.

Evidence of acceptance of coal by parol purchasers, on delivery by the carrier pursuant to the order of the seller, proves nothing more than that the great majority of purchasers do not insist on the defense of the statute of frauds.

3. EVIDENCE—CONCLUSION.

In so far as witnesses undertake to testify that an order by the seller of coal in car lots on track to the carrier to deliver the same to the buyer is a delivery to the buyer, they assume to testify to a legal conclusion.

4. CUSTOM—EFFECT—OVERRIDING STATUTE.

Proof of a custom among coal dealers to accept coal on a parol purchase on delivery by the carrier pursuant to an order of the seller to the carrier for such delivery cannot override the express words of the statute of frauds.

Error to Wayne; Frazer, J. Submitted February 13, 1906. (Docket No. 143.) Decided March 27, 1906.

Assumpsit by George T. Calvert and Elmer C. Calvert, copartners as J. Calvert's Sons, against Frank E. Schultz for goods sold and delivered. There was judgment for defendant on a verdict directed by the court, and plaintiffs bring error. Affirmed.

*Lodge, Trevor & Brown,* for appellants.

*Henry C. L. Forler* and *Thomas W. Ward,* for appellee.

MONTGOMERY, J. March 7, 1903, defendant gave plaintiffs a verbal order for a car of Jackson Hill coal worth $179.03, then in the Michigan Central Railroad yards at Detroit, Mich. Immediately upon receipt of this order, plaintiffs telephoned to the railroad company to turn the car over to defendant, and, on the same day, sent to the railroad company a written order to the same effect. This is the method by which delivery of coal in car load lots is usually made. The same day, an invoice of the coal was sent to the defendant. The car was put on the Twentieth street siding by the railroad company on March 17th. The day before this, March 16th (nine days after the railroad company had been ordered by plaintiffs to turn the car over to defendant), defendant countermanded his order.

At the trial, defendant claimed the verbal order was within the statute of frauds, and therefore void. Plaintiffs claimed that no written contract was necessary, because of a custom existing among coal dealers, by which the direction to the railroad company to turn the coal over to the purchaser constituted delivery and acceptance. Frequently before this, delivery of other car load lots had been made to defendant himself in accordance with this custom. At the conclusion of plaintiff's testimony, the trial court directed a verdict for defendant because the custom had not been proven.

The conclusion reached was right. There was no offer to show an authority conferred by the defendant upon the railroad company to accept this coal for him. In the absence of such authority, delivery to the company was not delivery to the defendant. There was, indeed, no delivery to the carrier; the coal was already in its possession. There was nothing but a direction to the carrier, who held possession for plaintiff, to make delivery to defendant. Defendant was no party to this, except as he became such by virtue of his parol contract wholly void by the statute of frauds. That this was not delivery to or acceptance by defendant is clear. 1 Mechem on Sales, §§ 356, 358, 365;

*Smith* v. *Brennan*, 62 Mich. 349; *Grimes* v. *Van Vechten*, 20 Mich. 410; *Gatiss* v. *Cyr*, 134 Mich. 233.

The claimed custom does not change this rule because it is apparent that the evidence of acceptance of coal by purchasers under similar circumstances proves no more than that the great majority of purchasers would not insist on the defense of the statute of frauds. In so far as the witnesses undertook to testify that an order to the carrier was a delivery or acceptance by custom, they assumed to testify to legal conclusions. But, however well such custom might have been proved, it could not be permitted to override the express words of the statute. *Van Hoesen* v. *Cameron*, 54 Mich. 609; 29 Am. & Eng. Enc. Law (2d Ed.), pp. 378, 381.

The judgment is affirmed.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.