THE P. J. BOWLIN LIQUOR COMPANY, A CORPORATION, v. OTTO BEAUDOIN AND AUGUST BEAUDOIN, CO-PARTNERS AS BEAUDOIN BROTHERS.

Opinion filed June 23, 1906.

**Sale — Order to Traveling Salesman — Acceptance.**

1. Where an order for goods is received and transmitted to the seller by the latter's traveling salesman, who had no actual or ostensible authority to contract for a sale, but only to receive and transmit the orders of customers, there is no sale until the order is received and accepted by the seller.

**Same — Place of Contract — Delivery to Carrier.**

2. Where a merchant in this state orders goods of a merchant in another state. who there accepts the order and delivers the goods ordered to a carrier for transportation to the buyer at the latter's expense and risk, the sale is deemed to have been made in the state of the seller, in the absence of any evidence showing a contrary intent.

**Same — Evidence — Witness' Conclusion Has No Probative Force.**

3. In a case where the place of sale is directly in issue, testimony by a witness that he bought the goods at a given place from the seller's traveling salesman, who agreed to deliver them at that place, but not showing what was said and done, is merely the opinion of the witness as to the legal effect of the transaction, and has no

probative force as against evidence which showed that the salesman had no authority to make a sale and that the transaction was in legal effect a sale in another place.

Appeal from District Court, Morton county; *Winchester, J.*

Action by the P. J. Bowlin Liquor Company against Otto Beaudoin and August Beaudoin, doing business as Beaudoin Bros. Judgment for defendants, and plaintiff appeals.

Reversed.

*S. L. Nuchols,* for appellant.

Sales of intoxicating liquor are unlawful only when sold as a beverage. Rev. Codes 1899, section 7593. There is no presumption that the possession of intoxicating liquors is unlawful. State v. McMaster, 13 N. D. 58, 99 N. W. 58.

Delivery of goods to a carrier for the purchaser is a delivery to the latter and title immediately vests in him. 21 Am. & Eng. Enc. (1st Ed.) 497-499. The sale takes place at the ploint where shipped. 21 Am. & Eng. Enc. (1st Ed.) 511; Tegler v. Shipman, 11 Am. Rep. 118; McIntyre v. Parks, 3 Met. 207; Whitson v. Stoddard, 8 Martin 95. Inadequate damages are grounds for new trial. Wolford v. Gold Mining Co. 63 Cal. 433.

*J. E. Campbell,* for respondent.

Where agent knows the purchaser's intention to illegally sell the goods bought the knowledge binds his principal, and the latter cannot recover the price of the liquors. Fisher v. Bennet, 56 Conn. 40; Louisville Second National Bank v. Curren, 36 Ia. 538; Samuel Bowman Distilling Co. v. Nutt, 34 Kan. 729; 17 Am. & Eng. Enc. Law (2d Ed.) 314.

ENGERUD, J.  Plaintiff is a Minnesota corporation, engaged in the sale of liquor at wholesale. Its place of business is at St. Paul, Minn. The defendants were partners engaged in business at Mandan, N. D. The nature of their business is not disclosed. The plaintiff sold and delivered to the defendants, in October and December, 1904, three consignments of whisky. The aggregate purchase price of the three consignments was $307.75, no part of which has been paid. The plaintiff sues to recover said sum, alleging that the liquor was sold and delivered at St. Paul, Minn. The defendants claimed that the sales and deliveries all took place

in Mandan, and seek to escape liability on the ground that the transactions were unlawful. The trial court denied plaintiff's motion for a directed verdict, and instructed the jury that the only question of fact for them to decide was whether the sales took place in North Dakota or Minnesota, and, if they found the sales were made in North Dakota, the plaintiffs could not recover. The jury returned a verdict in plaintiff's favor for $99.50, the price of the first consignment. Plaintiff's motion for a new trial was denied, and judgment entered on the verdict. The plaintiff appeals, assigning as error, among other things, the denial of its motion for a directed verdict.

The first consignment consisted of a half-barrel of whisky, shipped from St. Paul to Mandan, at defendants' expense, on or about October 5, 1904, in response to a letter from defendants to plaintiff, reading as follows: "Ship us at once ½ barrel of Humboldt." The other two consignments were shipped in response to verbal orders given in Mandan to plaintiff's traveling agent, or solicitor, and by the latter transmitted by mail to plaintiff. This solicitor had no authority to contract or make sales in behalf of his principal. He was employed merely to solicit and receive orders and transmit them to the plaintiff, subject to the latter's approval. On receipt of the orders in question by the company in St. Paul, the orders were approved and the liquor was delivered to the railroad company at St. Paul for transportation to the defendants, at the latter's expense. The defendants admit receiving the liquor and paying the freight on each consignment. There is no evidence whatsoever that the defendants were engaged in the unlawful sale of liquor, or that there was any intent on their part, or on the part of plaintiff, to evade the prohibition laws of North Dakota. There were no special directions given by defendants as to manner of shipment, and the liquor was sent in the customary way. The liquors ordered were in St. Paul, and were delivered to the carrier there. The only evidence on the part of the defendants with respect to the place of sale was the following testimony of one of the defendants: "I bought some whisky at Mandan, N. D., from George C. Parker. He told me that he was traveling salesman for the P. J. Bowlin Liquor Company and he agreed to deliver the whisky at Mandan, N. D." The same statement was repeated with respect to the sale in December. This testimony is plainly nothing more than an expres-

sion of the witness' alleged opinion or conclusion as to the legal effect of his transaction with the plaintiff's traveling agent. It has no evidentiary force whatever touching the question in dispute.

It is wholly undisputed that the traveling salesman had no authority to make sales or agreements to sell. The defendants did not offer any proof as to what the salesman said or did. They rested their defense wholly on the general statement above quoted from the testimony. Under these circumstances, it is byond question that the sales must be held to have been made in St. Paul, where the orders were accepted and the liquors were delivered to the carrier for transportation. It is simply the ordinary case of an order for goods transmitted by the buyer to the seller through the latter's traveling solicitor. In such a case it is clear that there can be no sale until the order has been received and accepted by the seller. Up to that time it is a mere offer. Tegler & Co. v. Shipman, 33 Iowa 194, 11 Am. Rep. 118. The acceptance of the order took place in St. Paul, and in the absence of any competent evidence to the contrary it must be presumed that the sale contemplated delivery at the place where the goods were at the time of the sale. Rev. Codes 1899, section 3965 (section 5412, Rev. Codes 1905). Delivery to the carrier for transportation to the buyer presumptively passed the title to the latter, and the transportation was at the risk and expense of the buyer. Rev. Codes 1899, section 3968 (section 5415, Rev. Codes 1905); Benjamin on Sales (6th Ed.) section 362; Meechem on Sales, sections 736, 1175-1181.

The plaintiff was entitled to a verdict for the full amount of its claim. Its motion to that effect at the close of the evidence ought to have been granted, and tne refusal to do so was an error, which entitled it to a new trial.

Judgment reversed, and new trial ordered. All concur..