SPEDDING v. GRIGGS.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal, in considering the request of defendant for a
   directed verdict, the facts, although in conflict, must be
   considered by the Supreme Court as testified to by plain-
   tiff and his witnesses.

2. FRAUDS, STATUTE OF—SALES—DELIVERY—CARRIERS.
   As a general rule, the delivery to a common carrier of goods
   sold is not such a delivery to the purchaser as satisfies the
   statute of frauds.

3. SAME—ORAL CONTRACTS—CARRIERS—AGENCY.
   One who purchases goods under an oral contract which is
   void under the statute of frauds cannot by a contract with
   a carrier for transportation of the goods thereby make
   the latter his agent to accept the goods, in so far as the
   statute of frauds is involved.

4. SAME—SALES—DELIVERY—DRAFT ATTACHED TO BILL OF LADING.
   There is no delivery of goods to the purchasers, taking the
   case out of the statute of frauds, where a contract which
   is void and unenforceable under the statute is made for
   the sale of goods which the parties agree should be shipped
   to the seller as consignee with bill of lading and draft
   attached and the purchasers notified, and delivery is made
   to the carrier for such shipment.

5. SAME—SALES—INTENTION OF PARTIES.
   A case cannot be taken out of the statute of frauds by the
   intention of the parties, as acts, and not words, are re-
   quired for such purpose.

Error to Wayne; Murphy, J.   Submitted April 17,
1917.   (Docket No. 142.)   Decided May 31, 1917.

Assumpsit in justice's court by George F. Spedding
against Albert G. Griggs, Charles F. Fuller and Ern-
est M. Cole, copartners as Griggs, Fuller & Company,
for breach of an alleged contract for the purchase of
certain apples.   There was judgment for plaintiff and

defendants appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Reversed.

*Ward N. Choate,* for appellants.

*Lewis A. Stoneman,* for appellee.

FELLOWS, J. This case grows out of a verbal contract of sale of some 146 barrels of apples at $2.25 per barrel. The defense is the statute of frauds. No money was paid and there was no delivery, unless, under the facts of the case, the delivery to the railroad company constituted a delivery sufficient to take the case out of the statute. While the facts are in conflict, we must, on defendants' request for a directed verdict, consider them as testified to by plaintiff and his witnesses. This testimony shows, or tends to show, that in April, 1912, Mr. Fuller, a member of defendant firm, called on plaintiff at Imlay City with reference to the purchase of the apples. They were looked over and the price agreed upon. Defendant stated that he would take them if he could get a car and ship them at once. They went over to the depot, found there was a car there, the parties looked it over, and defendant told the agent that the car was all right and he could load it with apples for Detroit. Plaintiff called one of his employees, a Mr. Hagerdorn, over, and defendant instructed him to have the doors cleated open for purposes of ventilation and to load the car at once. Plaintiff further testifies that he and defendant were to leave on different trains, and that defendant said to him that he did not have his check book with him and to ship the apples to his (plaintiff's) order, and notify the defendants and they would pay the draft when it came down. The apples were shipped to Detroit, consigned to plaintiff, and he attached the bill of lading to a draft, sent it to a Detroit bank, with instructions to notify defendants. A few

days after that he received by telephone information that defendants declined to accept the apples, claiming they were not good enough; that they would handle them on commission, but would not take them. Plaintiff insisted that they were defendants' apples, made a trip to Detroit in an unsuccessful attempt to get the defendants to take them, and finally sold them through a commission house, netting him only $82.68. This action was then brought. Defendants bring the case here to review a judgment rendered in favor of the plaintiff.

It is a general rule in this jurisdiction that delivery to a common carrier is not such a delivery to the purchaser as satisfies the statute of frauds. *Grimes* v. *Van Vechten*, 20 Mich. 410; *Kuppenheimer* v. *Wertheimer*, 107 Mich. 77 (64 N. W. 952, 61 Am. St. Rep. 317); *Smith* v. *Brennan*, 62 Mich. 349 (28 N. W. 892, 4 Am. St. Rep. 867); *Gatiss* v. *Cyr*, 134 Mich. 233 (96 N. W. 26, 2 Am. & Eng. Ann. Cas. 544). In the case of *Grimes* v. *Van Vechten, supra*, Chief Justice CAMPBELL, speaking for the court, said:

"But where the delivery to the carrier is merely in pursuance of the same verbal contract under which the goods were purchased, and the carrier has no independent and separate authority to act for the purchaser, his reception of the goods could only be valid because the contract itself was valid. And if the delivery and acceptance was the first transaction which gave force to the contract in the case before us, it is clear that it must have been a delivery to the party, and to no one else."

In the case of *Smith* v. *Brennan, supra*, the purchaser had directed the shipment of the goods by the Merchants' Despatch. This court said, speaking through Mr. Justice MORSE:

"The carrier could not accept the goods, within the statute of frauds, under the previous ruling of this court. It is not shown that the Merchants' Despatch

had any independent or separate authority to act for Walsh, and accept the goods when delivered to it in his behalf. And if the contract of sale was void, as it unquestionably was, it could furnish no authority to a third party, the carrier, to ratify it."

An examination of the record in the case of *Gatiss* v. *Cyr, supra,* discloses a stronger case than the instant one. There was testimony in that case tending to show that defendant procured the car, that it was used, not only to ship plaintiff's potatoes in, but also to ship other potatoes bought by defendant, and that the defendant paid the freight. The trial court directed a verdict for the defendant on the ground that the transaction was within the statute of frauds. This court affirmed the judgment, stating that the common carrier was not the agent of the purchaser so as to make delivery to it a sufficient delivery to satisfy the statute of frauds.

We do not undertake to say that the purchaser may not authorize an agent to accept delivery for him, and may not make a common carrier such agent. What we do hold is that by contracting for transportation of the goods he does not thereby make the transporting company his agent to accept the goods, when the statute of frauds is involved. By entering into a contract of carriage he does not, as an incident thereto, enter into a contract of agency. The contract entered into by the parties to this case was within the statute of frauds and wholly void. By entering into a contract of carriage, an entirely separate contract, the defendant did not validate this void contract between him and plaintiff, nor did he make the carrier his agent to validate it, nor could the plaintiff by his own act in delivering the goods to such carrier, a third person, create a liability on the part of the defendant which did not exist before, or make valid a wholly void contract.

But there is another complete answer to the plain-

tiff's right of recovery. When these parties went to the depot to see if they could get a car, their contract was void and unenforceable. After the car had been arranged for it was still a void contract and unenforceable. They then agreed, as claimed by plaintiff, that the goods should be consigned to plaintiff and the bill of lading should be sent with draft attached, and defendants were to be notified. When plaintiff delivered the apples to the carrier it was under this arrangement and the goods were consigned to him. Surely this was not a delivery to the defendants, and did not take the case out of the statute.

This is not the case of a valid contract of sale, where the question involved is when does the title pass, and where the intention of the parties would be an important, if not a controlling, factor. A case cannot be taken out of the statute of frauds by the intention of the parties. To so hold would be to render the statute nugatory. Acts, not words, are required to take a case out of the statute. *Gorman* v. *Brossard,* 120 Mich. 611 (79 N. W. 903).

The court should have directed a verdict for the defendants as requested.

The judgment is reversed, and a new trial ordered, with costs of this court.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.