MARSHALL FIELD & CO., Respondent, v. SNYDER, Appellant.

(File No. 5214.    Opinion filed January 28, 1924.)

1.    **Appeal and Error—Court Rules—Assignments of Error—Assignment of Error Not Referring to Record as Required by Rule Not Considered.**

Assignment of error making no effort to refer to page and folio of record, as required by Sup. Ct. rule 4, will not be considered.

2.    **Sales—Delivery—Seller Not Required to Settle with Carrier for Damages to shipment as Condition to Liability of Buyer for Price.**

The seller having fully performed the contract by delivery of the goods to the carrier for transportation, so that this constituted a delivery to the buyer, and having used ordinary care in forwarding them, so that under Rev. Code 1919, Sec. 937, shipment was at the buyer's risk, the seller need not, as a condition to duty of the buyer to pay the price, make settlement with the carrier for injury to and loss of parts of the goods in transit.

.   Appeal from Circuit Court, Marshall County; Hon. B. A. Walton, Judge.

Action by Marshall Field & Company against J. F. Snyder. Judgment for plaintiff, new trial denied, and defendant appeals. Affirmed.

*Harold W. King,* of Britton, for Appellant.

*Gardner & Jones,* of Britton, for Respondent.

(1)   To point one of the opinion, Respondent cited: McWaid v. Darnell, 44 S. D. 69; Peterson v. Miller, 33 S. D. 397; State v. Shephard, 30 S. D. 219.

(2)   To point two, Respondent cited: 24 R. C. L. 37; Dow Chemical Co. v. Detroit Chemical Co., 208 Mich. 157, 175 N. W. 269; Kuppenheimer v. Wertheimer, 107 Mich. 77, 51 A. S. R. 317, 64 N. W. 952; P. J. Bowlin Liquor Co. v. Beaudoin et al (N. D.), 108 N. W. 545; 24 R. C. L. 40.

DILLON, J.   The undisputed testimony shows that on April 1, 1920, a representative of respondent company called upon the defendant, who was engaged in the mercantile business at Britton, this state, and obtained an order from him for a bill of goods. The order contained the stock number and price of certain ladies' coats.   The order was filled by the respondent company at its place of business in Chicago.   The merchandise was carefully wrapped, placed in boxes, and consigned to appellant at Britton, this state.   Transportation charges were to be paid by appellant, and the merchandise was sold, subject to delivery in Chicago. Appellant was advised of the arrival of the merchandise at Britton, but did not take them from the depot.   His reasons were that two of the coats were gone and the rest were in "bad order."   No contention is made that the goods were not those selected by defendant or that they did not conform with the samples.   The case was tried to a jury, and the court on plaintiff's motion directed a verdict against the defendant.   Motion for new trial was overruled, and this appeal is from the judgment and order overruling the motion for new trial.

[1]   Respondent insists that all of appellant's assignments of error failed to refer to the page and folio of the printed record where the facts or the rulings of the court are found.   Rule 4, of this court, provides as follows:

"Each assignment shall refer by page and folio to that portion of such brief wherein the record of the ruling or other matters complained of is found."

This rule is violently offended in this appeal. No effort is made in any manner to comply with this rule of the court. All of the alleged errors being condemned by the rule, these assignments will not be considered. The balance of the assignments relate to the undisputed evidence in the case upon which the court directed the verdict and the overruling of the motion for a new trial, which are the only assignments here for review.

There is no testimony tending to show that the goods bought by sample were in any manner inferior to the samples themselves. It appears that respondent used ordinary care in preparing the merchandist for shipment and that the same was in first-class, salable condition when delivered to the transportation company. The claim that defendant bought the identical samples is not sustained by any evidence in this record.

[2] Appellant strenuously insists that it was the duty of respondent to make settlement with the railway company before he could be compelled to pay for the merchandise. We think this contention cannot be sustained, as respondent was under no legal obligation to litigate the alleged claim for damages against the transportation company.

There are no circumstances shown in the evidence which would take the transaction out of the general rule that the title passes when the vendor has fully performed the contract in the delivery of the goods to the public carrier for transportation; this constitutes a delivery to the vendee. The rule is stated as follows:

"It is a general rule where the place of delivery is the point of shipment that a delivery of the goods to a carrier, consigned to the buyer, whether the carrier is one designated by the buyer or left by him to selection by the seller, will pass the title to the buyer if there is nothing else to show a contrary intention." 24 R. C. L. 37-40; Dow Chemical Co. v. Detroit Chemical Co., 208 Mich. 157, 175 N. W. 269, 14 A. L. R. 1200; Kuppenheimer v. Wertheimer, 107 Mich. 77, 64 N. W. 952, 61 Am. St. Rep. 317; P. J. Bowlin Liquor Co. v. Beaudoin, 15 N. D. 557, 108 N. W. 545.

"The shipment, under the facts developed on the trial, was at the risk of the buyer." R. C. 1919, § 937.

The appellant gave no directions as to the manner of shipping the merchandise so ordered, and no claim is made that respondent failed to use ordinary care in forwarding the same.

It was the duty of the court to direct a verdict for the plaintiff, as there was no dispute to take the case to the jury, and in so doing no error was committed.

The judgment and order denying the motion for new trial are affirmed.

GATES, J., concurs in results.

Note.—Reported in 196 N. W. 969. See, Headnote, American Key-Numbered Digest, (1) Appeal and error, Key-No. 743(1), 3 C. J. Sec. 1508; (2) Sales, Key-No. 345, 35 Cyc. 532 (1925 anno.)

On question as to who is the proper one to maintain action against carrier for nondelivery or loss of goods in transit, see notes in 22 L. R. A. 427, and 36 L. R. A. (N. S.) 69.

On Rev. Code, 1919, Sec. 937, see annotations Kerr's Cyc. Codes, 1920, Civ. Code, Sec. 1757.